IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. BK08-81631 |
| TIMOTHY A. FERREYRA and | ) | A14-8039 |
| DAHLIA A. FERREYRA, | ) | |
| | ) | CHAPTER 13 |
| Debtor(s). | ) | |
| TIMOTHY A. FERREYRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF NEBRASKA, ACTING | ) | |
| THROUGH THE DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

This matter is before the court on the plaintiff-debtor's complaint to determine dischargeability of debt consisting of medical reimbursement and grant reimbursement. Albert P. Burnes represents the debtor, and Jessica J. Rasmussen represents the defendant. The parties' joint request to submit this case on stipulated facts and briefs was granted, the documents have been filed with the court, and the matter is now ready for decision.

Upon a review of the stipulation of facts, the parties' briefs, and the applicable case law, I find that the State failed to meet its burden of proof under § 523(a)(5) that the debt at issue actually is a debt for support, owed to the debtor's child or the child's mother, and assigned to the State of Nebraska. There is no basis for now excepting it from discharge.

The debtor filed this adversary proceeding to determine whether certain debts owed to the State of Nebraska were discharged in a previous bankruptcy case. The precise origin and nature of the debts at issue are unclear because the record lacks such evidence, but it appears that judgments were entered by a state court in 1994 against the debtor and in favor of the State of Nebraska for what the State's records characterize as medical reimbursement, "grant reimbursement," and court costs in connection with the support of a child. According to the State's answer in the present case, the judgments were for child support, reimbursement for accrued child support, and reimbursement for birth expenses. Those judgments remain unpaid.

On July 17, 1998, the debtor filed a Chapter 13 case. According to the defendant, the debtor's plan indicated "the allowed nondischargeable claim of Child Support Enforcement" would be paid

and it was scheduled as a priority debt.[1] The parties have stipulated that the State of Nebraska filed a proof of claim, although such a claim is not listed in the claims register for the case. The judgment debt amounted to $7,586.34 as of September 2, 1998. Eventually, the debtor made all of his plan payments, although nothing was paid to Child Support Enforcement, and the debtor was granted a discharge under 11 U.S.C. § 1328(a) on November 12, 2003.

On June 30, 2008, the debtor filed the present Chapter 13 case. The State of Nebraska has not filed a proof of claim, and the debtor's plan lists no domestic support obligation or other priority claim on the theory that the debts at issue were discharged in the previous Chapter 13 case. The debtor filed this adversary proceeding on September 12, 2014, to determine the dischargeability of these debts.

As a threshold matter, the court notes the debts arose in 1994 and were originally part of the debtor's 1998 bankruptcy. Thus, they were either discharged, or not, under the law as it existed at that time, which was prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The term "domestic support obligation" did not enter the Bankruptcy Code lexicon until BAPCPA, along with a new version of § 523(a)(5) concerning the dischargeability of such obligations. The interpretation of the 2005 law would be of little applicability under the facts of this case; accordingly, the court will look to case law concerning pre-BAPCPA treatment of such debts for guidance.

At the time the previous Chapter 13 case was filed, § 523(a)(5) provided:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
        . . .
        (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that –
                (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
                (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]

---

[1]Again, the record is unclear on this point. The fact stipulation does not mention how the plan treated this debt nor did the parties attach a copy of the plan to the fact stipulation or otherwise introduce it into evidence. Due to the age of the case, the plan is not available to the court on the CM/ECF system.

When considering the dischargeability of a debt under § 523(a)(5), the case law makes clear that two questions need to be addressed: is the debt child support, and was the debt assigned to a governmental unit? *Bullock v. Missouri (In re Bullock)*, 199 B.R. 54, 55 (Bankr. W.D. Mo. 1996). The burden of proving that the debt is indeed in the nature of support rests on the party seeking to except it from discharge – in this case, the State – regardless of who filed the adversary proceeding. *Portwood v. Young (In re Portwood)*, 308 B.R. 351, 355 (B.A.P. 8th Cir. 2004); *Swartz v. Swartz (In re Swartz)*, 339 B.R. 497, 501 (Bankr. W.D. Mo. 2006). That burden is usually a light one for the creditor, as the creditor can meet its burden by submitting a court order labeling the award as support. When that occurs, the burden then shifts to the debtor to establish that the debt is *not* in the nature of support and is therefore dischargeable.

In the present case, however, the State did not put a copy of the underlying judgments, nor any of the pleadings resulting in the judgments, into evidence. In fact, there is nothing in the record to indicate that the judgments were in the nature of support or that the debt was assigned to the State. Instead, the parties stipulated that the $7,586.34 in grant reimbursement, medical reimbursement, and court costs at the time of the 1998 Chapter 13 proceeding "were owed to the State of Nebraska and not to the natural mother[.]" Jt. Stip. Facts at ¶ 11 (Fil. No. 22). That admission by the State removes the debt from the purview of § 523(a)(5) because it means the debt is not owed "to a spouse, former spouse, or child of the debtor" for support or maintenance. The State, therefore, has failed to meet its burden of proof.

As the debtor points out in his brief, the fact that the debt was owed directly to a governmental unit and not to the debtor's child or the child's mother renders the debt dischargeable. The analysis by the Seventh Circuit Court of Appeals in an opinion relied on by the debtor is applicable in this situation. It held that a support obligation owed directly to a state subdivision's office of family and children services could be discharged because it not owed to a "spouse, former spouse, or child of the debtor." *DeKalb Cty. Div. of Family & Children Servs. (In re Platter)*, 140 F.3d 676 (7th Cir. 1998).

In *Platter*, the debt arose for expenses incurred while the debtor's son was a ward of the state. The parent was statutorily required to reimburse the Division of Family and Children Services for assistance provided to the child. The Seventh Circuit affirmed the bankruptcy and district court rulings finding the debt to be dischargeable in bankruptcy based on a key distinction between the facts of the case and the language of § 523(a)(5) at the time: the debt was owed by the parent to the governmental unit based on the state statute. The debt was not owed to the child or to the governmental unit on behalf of the child. The court explained:

> [W]e do not see how § 523(a)(5) is implicated. DFCS is simply trying to enforce its rights against a parent under a state statute for reimbursement. We cannot turn a blind eye to the plain language of § 523(a)(5) in an equitably motivated effort to allow DFCS to defray its costs. Hence, we reject DFCS's contention that its debt is nondischargeable.

The fact that Congress has amended § 523(a)(5) to provide a means for third party government entities to recover this type of cost bolsters our decision to deny DFCS's claim in this case. In 1984, Congress amended § 523(a)(5) in response to a split in authority regarding whether support debts assigned by a debtor's family member to a government entity were dischargeable. The amendment specifically provided that such debts were nondischargeable. *See* Pub. L. 98–353 § 454(b)(2), 98 Stat. 375 (1984); *see also In re Visness*, 57 F.3d 775, 780 (9th Cir. 1995).

This amendment, however, did not enlarge § 523(a)(5) sufficiently to encompass every debt owed to a governmental entity for support of a "spouse, former spouse, or child." The amendment only addressed debts determined by a court to be owed to a spouse or child of the debtor which a family member of the debtor then assigned to a governmental agency. *See* Pub. L. 98–353 § 454(b)(2), 98 Stat. 375; *see also County of El Dorado v. Crouch (In re Crouch)*, 199 B.R. 690 (B.A.P. 9th Cir. 1996).

140 F.3d at 681. *See also Saafir v. Kansas Dep't of Soc. Servs. (In re Saafir)*, 192 B.R. 964 (Bankr. D. Neb. 1996) (holding that a statutory obligation from a parent to the state was dischargeable because it was not a debt owed to the child, nor had the state received it by assignment).

While no one has argued in the present case that the debt arose from a statutory obligation as in *Platter* and *Saafir*, the result is the same. With no evidence that the debt at issue actually is a debt for support, owed to the debtor's child or the child's mother, and assigned to the State of Nebraska, the State failed to meet its burden of proof under § 523(a)(5) and there is no basis for now excepting it from discharge.

IT IS ORDERED: The debt owed to the State of Nebraska, acting through the Department of Health and Human Services, was discharged in the debtor's 1998 bankruptcy proceeding. Separate judgment will be entered.

DATED:  August 28, 2015.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Albert P. Burnes
    Jessica J. Rasmussen
    Chapter 13 Trustee
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.